13984

SUMTER *ET AL.* v. AMERICAN SURETY CO. *ET AL.*

(178 S. E., 145)

*Messrs. Lide & Felder,* for appellants,

*Messrs. Adam H. Moss, P. F. Haigler* and *James A. Moss,* for respondents,

January 23, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

Clarence Sumter, a soldier in service in the World War, died overseas leaving of force a policy of insurance of which his father, Demus Sumter, was the beneficiary, to whom the proceeds of the policy were paid. Demus thereafter died leaving, unexpended, of this insurance the sum of $1,024.70, which, under the Federal law, reverted to the estate of Clarence Sumter.

Demus Sumter was twice married. His first wife was named Ann; his second wife was named Della. Upon his death Della Sumter, Ada Belle Sumter, Annie Lee Sumter, Rebecca Pendarvis, Demus Sumter, Forden Sumter, Herbert Sumter, Mattie Moorer, and Ezekiel Sumter, styling themselves "heirs at law and distributees of Clarence Sumter, deceased," petitioned the Probate Court to appoint Mr. H. H. Stokes administrator of the estate of the said decedent, which petition was granted. The defendant American Surety Company of New York became surety for the administrator.

The estate was duly administered and the residue of the funds thereof, after the payment of debts and expenses, was paid to those persons who signed the petition for the appointment of the administrator, and styled themselves "heirs at law and distributees of Clarence Sumter." After proper publication of notice, the administrator filed his final accounting and was duly discharged of his trust.

Thereafter this action was brought by the plaintiffs, who allege that they are the heirs at law and distributees of

Clarence Sumter, deceased, and together are entitled to the sum of $629.96, which remains of the estate after the payment of debts and expenses of administration; that this sum was paid out by the administrator to persons not entitled thereto, in violation of the conditions of his bond.

The defendant American Surety Company alone answered the complaint. It alleges that the administrator duly performed the duties of his trust and was regularly discharged therefrom and relieved of liability after final accounting; that by the terms of the bond, the administrator contracted to hold the surety harmless from and against every claim of every nature whatsoever. It prayed that the administrator, H. H. Stokes, be made a party to the action and required to come in and defend it. It appears from the record that the administrator was made such party, but it does not appear that he filed an answer.

The cardinal issue of the case is made by the claim of the plaintiffs that they are the children and grandchildren of Demus Sumter and his first wife, Ann, and that they, as the brothers and sisters and nephews and nieces of Clarence Sumter by the whole blood, are alone entitled to inherit from him; that the administrator has paid the funds of the estate to Della Sumter and her children, who are the stepmother and brothers and sisters of the half blood of Clarence Sumter

The case was tried twice in the County Court of Orangeburg County by Judge B. H. Moss and a jury. At the first trial there was a verdict for the defendants, which was, on motion, set aside. At the second trial, when the testimony was closed, his Honor directed a verdict for the plaintiffs.

There was no appeal from the order granting a new trial.

The appeal from the judgment on the directed verdict is predicated upon two exceptions, viz.:

"1. The Court erred in directing a verdict for the plaintiffs when such motion should have been refused and the

case submitted to the jury upon the evidence and under instructions from the Court as to the law.

"2. The Court erred in having directed a verdict in favor of the plaintiff, Helen Sumter, when she was not represented by a guardian ad litem and properly before the Court."

The argument in behalf of the first exception rests upon this ground: The petition for the appointment of H. H. Stokes as administrator was made and signed by Della Sumter and her children, who assert therein that they are heirs at law and distributees of the estate of Clarence Sumter.

On the trial Della Sumter was asked on cross-examination if she had not told Mr. Stokes "that Clarence Sumter was her son, and that the others who signed the petition for administration were his brothers and sisters, and the only heirs and beneficiaries of his estate." She denied that she told this to Mr. Stokes. He testified that she had made such statement to him. The appellant relies upon the testimony of Della Sumter and Mr. Stokes pro and contra this especial matter as making an issue of fact pertinent to the case which should have been submitted to the jury.

This is purely negative testimony; all the effect it could have had would have been to contradict the testimony of Della Sumter. It does not tend to prove that the plaintiffs are not the only heirs at law and distributees of Clarence Sumter, deceased.

"Since, in the words of Chief Baron Gilbert (ante, Sect. 1017), it is 'the repugnancy of his evidence' that discredits him, obviously the Prior Self-Contradiction is not used assertively; *i. e.* we are not asked to believe his prior statement as testimony, and we do not have to choose between the two (as we do choose in the case of ordinary contradictions by other witnesses.) We simply set the two against each other, perceive that both cannot be correct, and immediately conclude that he has erred in one or the other,—but without

determining which one." Wigmore on Evidence, Vol. II page 1179, § 1018.

"It follows, * * *, that Prior Self-Contradictions, when admitted, are not to be treated as assertions having any substantive or independent testimonial value; they are to be employed merely as involving a repugnancy or inconsistency; otherwise they would in truth be obnoxious to the Hearsay Rule: * * *

"Such testimony of inconsistent statements is admissible only for the purpose of impeaching the credit of the witness, but cannot be received as evidence of any fact touching the issue to be tried. * * *

"It is no evidence whatever that the facts are as he formerly stated them; and, though appeals are sometimes made to a jury that it is so it is the province of the Court to inform them that it is not so." Id., page 1180.

This testimony of Della Sumter and of Mr. Stokes thus relied on goes out of consideration as having any value to prove who were the heirs at law of Clarence Sumter. There is the direct, positive, and uncontradicted evidence of three other witnesses that the plaintiffs are the true heirs at law and distributees of the said decedent. It was the province and duty of the Court to direct a verdict for them.

It does not need the citation of authorities to sustain the proposition that when the evidence admits of but one reasonable conclusion, it is the duty of the Court to direct the verdict.

The second exception was not argued orally and is not argued in appellant's brief. It is, therefore, held to have been abandoned.

The judgment is affirmed.

MESSRS. JUSTICES STABLER, CARTER and J. HENRY JOHNSON and MR. ACTING ASSOCIATE JUSTICE C. J. RAMAGE concur.