15206

NEAL v. CLARK

(12 S. E. (2d), 921)

140

*Messrs. Perrin & Tinsley, Osborne, Butler & Moore* and *Jesse W. Boyd,* for appellant,

142

*Messrs J. C. Mooneyham* and *Johnson & Johnson* for re-spondent,

January 22, 1941.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

The plaintiff and defendant are brother and sister. They have two sisters, Mrs. Frances C. Keel and Mrs. Sallie C. Brannon. The plaintiff-respondent alleges in her complaint that their mother, Mrs. Leatha Clark, made, on the 10th day

of February, 1932, a partial distribution of her estate to her four above-named children by giving to each of them one-fourth of the sum of the notes owed to her by the four children; that the total of this sum amounted to $10,417.48; that the amount of the notes owned by Mrs. Keel was $2,-774.44; that owed by Mrs. Brannon was $1,903.87; that owed by Mrs. Neal was $129.68; and that owed by N. T. Clark was $5,609.19; that the defendant agreed with the other parties to the settlement to pay the plaintiff's share to her. That the plaintiff had no knowledge of the settlement until the fall of 1937; that plaintiff's share, one-fourth of the aggregate sum of the notes, was $2,604.29, from which was deducted the sum of $129.68, the amount of the note owed by plaintiff to her mother, which left the sum of $2,-474.61 due to plaintiff by the terms of the settlement agreed to by the parties. That defendant has refused and refuses to pay the said sum to plaintiff after demand therefor. The complaint further alleges that under the will of M. G. Clark, father of the plaintiff, N. T. Clark, the defendant herein, was named trustee for the plaintiff.

It may be stated here that it is admitted that plaintiff is a deaf mute.

The prayer of the complaint is for $2,474.61 and interest.

For answer, defendant admits that he was trustee for certain property under the will of M. G. Clark in which plaintiff had a beneficial interest, but alleges that the estate of M. G. Clark has long since been wound up and settled. He denies paragraph four of the complaint, and alleges that after the death of his father, M. G. Clark, in 1922, his mother, Mrs. Leatha Clark, spent most of her time in his home until her death in the fall of 1937, and continually called on him to perform specific errands, duties and services for her, which he did under her directions and according to her wishes, and that she handled and attended to her own business affairs, having custody and control of her own property and money. He denies Paragraphs 5, 6, 7, 8, 9, 10 and 11 of the complaint, and alleges that if any such trans-

actions as are therein outlined took place among his sisters, Sallie C. Brannon, Frances C. Keel and his mother, the consummation of such transaction was never communicated to him by his mother and that no memorandum thereof was ever written or signed by this defendant, or by anyone else with his knowledge; and the only notes he owed his mother were certain notes for $5,000.00, $700.00 and $895.30, which he paid and settled with his mother; which payment and settlement the said Leatha Clark endorsed on the said notes and delivered to defendant, and that said notes and this defendant's liability thereon, matured more than six years before the commencement of this action and he pleads the statute of limitations as a bar thereto; and the transactions alleged in these paragraphs occurred more than six years before the commencement of this action and he pleads the statute as a bar thereto.

The case was heard by Judge A. L. Gaston and a jury and resulted in a verdict for the plaintiff for the amount claimed.

At the appropriate time in the course of the trial the defendant made a motion for directed verdict, which was refused. After the verdict was rendered, defendant moved for a new trial, which was granted *nisi.*

The appeal is from the occurrences of the trial, including alleged errors, relating in some instances to admission of testimony over objections, and in some instances to the refusal of admission of testimony; and to alleged errors in the charge; and to the refusal of the motion for directed verdict; and there is also appeal by plaintiff from the order granting new trial *nisi.*

We shall not undertake to consider each of these exceptions *seriatim,* but will give all of them consideration and will cover them by our conclusion.

The first exception challenges the correctness of the ruling which allowed the introduction of the statement set out in the record as Exhibit F, page 133. It figures largely in the

case and it is well to have it before us. It is as follows: "This is to certify that on February 10, 1932, I held notes from Dr. N. T. Clark, Frances Keel and Sallie C. Brannon and Nannie Neal, all of which were added together, with interest added, and divided in four equal parts, and according to all calculations, after giving or allowing Dr. N. T. Clark and Frances Keel their shares, it was found that Dr. N. T. Clark owed Sallie C. Brannon $529.41, and Frances Keel owed Sallie C. Brannon $171.20, for which she gave her note for $170.00 to Sallie C. Brannon, with cash $1.20. The share due to Nannie C. Neal was $2,475.04, which was to be paid to her by Dr. N. T. Clark. This is to certify also that Dr. N. T. Clark has not paid or given his note for $529.41, the amount he owes to Sallie C. Brannon to this date, however note or money of Sallie C. Brannon share was to have been paid or note given by Dr. Clark at once when settlement was made. I gave Dr. Clark, Frances Keel and Sallie C. Brannon their notes with understanding they were settled for as money due me or my estate providing they, Dr. N. T. Clark and Frances Keel, pay to my other two children, Sallie C. Brannon and Nannie Neal, amounts stated on this statement. (Signed) Mrs. M. G. Clark."

Defendant objected to the statement solely on the ground that: "It does not appear to be identified with Dr. Clark, the defendant, in any way whatever. It is merely a statement."

In his argument, defendant's counsel says it is objectionable as hearsay; that Mrs. Clark who made the statement is dead and is not subject to cross examination. It does not appear by the record that these grounds of objection were made when the paper was offered in evidence and were not passed on by the trial Judge. They may not be urged now. It needs no citation of authorities in support of that proposition.

In the case of *Hubbard v. Rowe et al.*, 192 S. C., 12; 5 S. E. (2d), 187, in an opinion written by Chief Justice Stabler, syllabi 1 and 2 say:

"1. To preserve question for review, it is required only that question first has been fairly and properly raised in trial court and passed on by that court.

"2. The Trial Court must be given an opportunity on motion for a new trial of passing on and correcting questions specifically affecting the verdict, or other questions not specifically ruled on, before they will be reviewed by the Supreme Court on appeal."

In the case of *Owens v. Owens, Mayor,* 193 S. C., 260, 8 S. E. (2d), 339, 343, this is said by this Court: "There does not appear to be anything in the complaint, or other parts of the record, in any way bearing on these questions. They were never presented to the Circuit Judge, and were in no way passed upon by him."

In the case of *Johnson v. Johnson,* 194 S. C., 115, 8 S. E. (2d), 351, 355, it is said: "Since the Circuit Court did not pass upon the question of whether or not the plaintiff is entitled to recover attorney's fees, it would not be proper for us to pass upon that issue."

In his order in the case, the Circuit Judge said, page 160 of the record: "The defendant in support of their motion for a new trial submit that it was error to admit in evidence the written statement marked 'Ex. F,' signed by Mrs. M. G. Clark, which stated in substance that she did make a gift of $10,417.18 to her then four living children, and that the defendant was to pay over to the plaintiff her *pro rata* share of the same. This statement of. Mrs. Clark was executed in the presence of W. W. Brannon and Michael Nantz, disinterested witnesses, who both appeared at the trial and identified Mrs. Clark's signature. This instrument was admitted in evidence *over the objection of the defendant, who claims that it was not admissible because the defendant was deprived of the right to cross-examine the signer of the statement.* (Italics added.) It was admitted for the purpose of showing what disposition Mrs. Clark made of her estate. It was a statement against her interest, as she was purport-

ing to give away the sum of $10,417.18, and I can conceive of no reason why she did not speak the truth. If for any reason she should ever have attempted to recover the property she gave away, this would certainly have been competent evidence against her as making a valid gift; and I think it was competent evidence in this case to show what disposition she was making of her estate."

It is certain that Judge Gaston has never passed upon the issue that the statement was hearsay and inadmissible for that reason. It is not proper for us to pass upon that issue. We think the statement was admissible, as is shown by the order and by the authorities cited by the Circuit Judge and by others cited by the respondent.

Defendant's second exception challenges the action of the trial Judge in overruling the objection to the evidence "about the bringing and settlement of an action by Mrs. Brannon against Dr. Clark on a similar cause of action to that being tried, in that (a) the compromise disposition of that action was not competent on any issue in this case, and (b) at most it could only be admissible as testing the credibility of the witness Mrs. Brannon, and further testimony of W. W. Brannon thereabout was not by way of contradiction of Mrs. Brannon and was incompetent."

Mrs. Brannon, a witness for the defendant, was on the witness stand. She had denied that there was a family agreement to divide the money equally among them; and she had denied the existence of any agreement on the part of Dr. Clark to pay to her or anyone else anything. She denied that there was any agreement between her and her brother and sister. She said she didn't know whether her sister, Mrs. Keel, recognized that agreement, but admitted that Mrs. Keel had paid her $1.20 in cash and sent her a note for $170.00. Mrs. Keel testified in this case to the existence of a family agreement and that she had paid her sister, Mrs. Brannon, $1.20 in cash and sent her a note for $170.00 in full settlement of her part of the said agreement.

148

On cross examination Mrs. Brannon was shown a certain document which she admitted she had signed and sworn to before a notary public. When it was offered in evidence by plaintiff, defendant objected on the ground that it was a paper in a litigation between Mrs. Brannon and Dr. Clark which action is not now being tried. His Honor said: "I think it is admissible only for the purpose of impeaching the witness." To which plaintiff's counsel said: "That is the sole purpose for which it is offered." It appeared from the further cross examination of the witness involved that she had brought an action against Dr. Clark in August, 1937, in which she alleged on oath that at the time of the family agreement spoken of he had promised to pay her $529.22, which he had not done. The appellant seeks to show that Dr. Clark had compromised this action by giving Mrs. Brannon the sum of $475.60, and evidence of a compromise was inadmissible. Mrs. Brannon says that Dr. Clark paid her that money because she was worried and sick; but he did not owe it to her. Hence the claim that it was given to her by way of compromise is not proved by defendant's own superserviceable witness. Since she had brought that action against this defendant a change had come over the spirit of her dream, and in her cross examination this witness shows her testimony to be full of evasions and contradictions which are in direct contrast to what she had sworn to in the action which she had brought against Dr. Clark on the contract which she swore he had made to pay her $529.22. Even if it be true that he paid her $475.60 in compromise of that action, it cannot affect the question that in that action she had sworn to things which directly contradict what she was swearing to in this action.

In the case of *Lowe v. Southern Ry.*, 85 S. C., 363, 67 S. E., 460, 462, 137 Am. St. Rep., 904, Lowe was suing for damages which he alleged in his complaint occurred when he fell under the weight of a piece of timber he was moving On trial he was presented a piece of paper which bore his name, and in which he said he was handing up a block at a

coal trestle when he slipped and was injured. The witness first denied signing it; said if he signed it he didn't know it. He was required to write his name and this was put in evidence for comparison. When the paper was put in evidence, it was objected to and excluded. On appeal this Court said: "The plaintiff having admitted his signature to the paper, it should have been submitted to the jury, with instruction to determine upon the evidence whether plaintiff actually signed it. His testimony given after his admission did not amount to a complete withdrawal of his admission, but, at most, left the matter in doubt as to whether he signed or not. * * * The testimony was material and its exclusion harmful. * * *"

In the present case, there is no doubt that Mrs. Brannon signed the papers which are direct contradiction of the testimony she gave on the case when being tried. The case she brought against Dr. Clark was not being tried, and whether it was compromised or not could not affect the fact that she had sworn in the pleadings of that action things which flatly contradict that to which she is testifying in the present action. There was no error in admitting this evidence.

We think there was no error of the trial Judge in overruling defendant's motion for directed verdict.

There was evidence which required that the force and effect of it be left to the determination of the jury. See 70 C. J., 1064, 1053 and 1075.

In the case of *Sumter et al. v. American Surety Co. et al.,* 174 S. C., 532, 178 S. E., 145, it is said: "Testimony of inconsistent statements is admissible only to impeach witness' credit, but cannot be received as evidence of any fact touching issue."

When the evidence was offered to contradict Mrs. Brannon, the trial Judge admitted it solely as evidence intended to impeach her credibility.

Certain exceptions charge error in holding and charging the jury that the defendant, by his plea that he had paid the

notes due his mother and owed her nothing at the time of the alleged family settlement, upon which the plaintiff's action is predicated, having plead the payment of the notes due by him to his mother, had assumed the burden of proving that fact by the preponderance of the evidence, that such plea was an affrmative defense.

Appellant's position is that he is not being sued on the notes he claims to have paid, and that the plaintiff is bound to prove her action by the preponderance of the evidence. It does not need the citation of authorities to support the postulate that the plea of payment is an affirmative defense and the burden of proving it is on him who pleads it. It seems to us that the position taken by appellant is hypercritical. The foundation of this action is based upon the allegations of a family settlement, in which defendant participated, by which Mrs. Clark gave to her four children in equal parts the notes owed to her by them; that in this settlement there were listed notes of defendant amounting to the sum of $5,609.19. These were given to each of the children in equal parts. The plaintiff's share it is alleged was to be paid to her by appellant. He pleads that he is not liable because he had paid these notes to his mother and offers evidence to support that plea. To our mind, it is a clear plea of payment which casts the burden on the appellant to prove it by the preponderance of evidence, and the exceptions thereabout are without merit.

Exceptions charge that the trial Judge erred as refusing to charge appellant's third and fourth requests. These requests are not set out in the record, except in the exceptions, and we would be justified in refusing to consider them, but as set out in the exceptions, we see no error in refusing to charge them. As to that which relates to the administration of the estate of S. P. Clark, that evidence had no relation to the issue made by the pleadings in this case; and as to the other, the appellant had not pleaded a partial payment of his notes.

The Court gave a clear and comprehensive charge in this case and we think there is no just cause of complaint against it.

The other exceptions relate to the motion for new trial and the order of the Court thereabout.

As the case must go back for new trial, we think it right to state that we find only one ground upon which the reversal is based. His Honor makes a statement by which he finds that Dr. Clark, the appellant, owed his mother $3,312.00 and that his sister's share was one-half thereof, $1,656.00, with interest from February 28, 1932, to February 28, 1940, which is $794.88, and makes a total of $2,450.88 now due the plaintiff, for which he gave judgment. This is a palpable error. The error in the order of the Circuit Judge granting the new trial *nisi* consists in his statement of the settlement. He gave Dr. Clark credit for having paid in part the notes he owed his mother, by which his debt was reduced, with interest on it, to $3,312.00. He then says his sister's share would be one-half or $1,656.00, which with interest from February 28, 1932, would be $2,450.88, which he declares to be the amount now due the plaintiff. His sister was not entitled to one-half of the whole amount of Dr. Clark's notes. She was entitled to one-fourth of the amount of the notes owed by all four children; so that if it be admitted that the Circuit Judge was right in giving Dr. Clark credit for the notes for which he says he has the receipt of his mother, which we do not now decide, the account would stand thus:

Notes of Mrs. Keel .......................... $2,774.44
Notes of Mrs. Brannon ....................... 1,903.87
Notes of Mrs. Neal .......................... 129.68
Notes of Dr. Clark .......................... 3,312.00

$8,119.99
One-fourth to each .......................... 2,029.99

Plaintiff had not asked for any such amount and if the Court was right in holding that appellant was entitled to

the credits so allowed him, the Court was wrong in holding that plaintiff was entitled to one-half of the amount owed by Dr. Clark. We think there must be a new trial for this reason. We think it was error for the Court to pass upon the issue that Dr. Clark was entitled to credit for the three notes he claims to have paid his mother. He said in his order granting the new trial : "I cannot ignore the written evidence signed by Mrs. Leatha C. Clark of payments made to her. But there is grave doubt and uncertainty in regard to these items.   *   *   *"

Clearly that was a question of fact for the jury; the trial Judge could not decide it. He also decides that Dr. Clark is not entitled to credit for items he claims to have paid in connection with certain transactions at the bank between Dr. Clark and his mother. This is a matter for the jury.

The respondent takes the position that appellant cannot appeal from the order because it is favorable to him. That position is correct as a general rule. But here is presented a most peculiar proposition, the Circuit Judge has made an error in his order in computing the amount due on Dr. Clark's notes to his mother, by passing upon and deciding that Dr. Clark had paid three of the notes given to his mother. That was what he had called on the trial of the case "a bold issue" in the evidence which was for the jury. He has no power on appeal to decide this "bold issue of fact," nor have we. This error is patent in the order appealed from and we can remedy it only by reversing the order appealed from, which grants a new trial *nisi,* and ordering a new trial absolute. It is so ordered.

Messrs. Justices Baker and Fishburne concur.

Messrs. Justices Carter and Stukes did not participate in this opinion.