ROBERT L. HUFFINES, JR., FOUNDA-
TION, INC., Plaintiff,

v.

ROCKIE REALTY, INC., and R. Trippett
Boineau, Defendants.

Civ. A. No. 72-670.

United States District Court,
D. South Carolina,
Columbia Division.

Sept. 11, 1972.

Brown, Jefferies & Boulware, Barn-
well, S.C., and Hammer & Bernstein,
Columbia, S.C., for plaintiff.

L. G. Funderburk & Associates, Col-
umbia, S.C., for defendants.

ORDER

HEMPHILL, District Judge.

Plaintiff pursues its Motion for Sum-
mary Judgment, filed in this court July

18, 1972, and asks that this court enter judgment pursuant to the applicable provisions of Rule 56 [1], Federal Rules of Civil Procedure. In support of the motion's claim that no genuine issue exists as to any material fact, plaintiff calls attention to the pleadings, wherein defendants do not deny the indebtedness, an affidavit of Robert L. Huffines, Jr., President of plaintiff corporation, a thermofax of a check showing consideration for (and receipt of same) the note sued on, a certified copy of the mortgage instrument securing the note, the authorizing action of the Board of Directors of defendant corporation (wherein the obligation of the corporation approved), the certificate of the Secretary of State for the State of South Carolina which shows the corporation to be duly organized and the total paid in capital stock of the corporation to be $50,000.00, and the note, thermofax of which is attached to the complaint. The last mentioned item shows the obligation of defendants, with the individual defendant an *accommodation* endorser. Neither defendant has offered any evidence, in affidavit form or otherwise, in opposition to the motion or in denial of the genuineness and integrity of the documents relied upon by plaintiff. This court notes that more than thirty days have elapsed since the motion was filed. A certificate of counsel for plaintiff shows compliance with Rule 4(b), Federal Rules of Civil Procedure.

This action was instituted by the plaintiff against the defendants to recover amounts allegedly due and owing under the terms of a promissory note executed and delivered to the plaintiff by the defendants in the face amount of One Hundred Thousand ($100,000.00) Dollars with interest from April 28, 1971 at the rate of 25% per annum, said principal and interest being due and payable 90 days after date. Plaintiff contends that only two payments of interest have been credited on account of the indebtedness and claims the full principal amount plus accrued interest and attorney's fees. The answer of defendants admits that defendants owe the plaintiff a sum of money but require strict proof as to the amount thereof. They further plead that the 25% rate of interest as set forth in said note is usury and, pursuant to Section 8–5 [2] of the South Carolina Code of Laws, that plaintiff should forfeit all interest and costs due.

The court has examined the affidavit and documents furnished in support of plaintiff's motion. It appears therefrom that the consideration for said note was paid by plaintiff's check in the sum of One Hundred Thousand ($100,000.00) Dollars to "James Walters, Attorney for Rockie Realty, Inc.", and endorsed by both defendants for deposit to the account of Boykin Realty Co. It further appears that no payments have been made on the principal and only two quarterly payments of interest have been made, on July 28, 1971 and on November 2, 1971 respectively. Defendants do not plead payment as a

---

[1]. Fed.R.Civ.P. 56(a). Summary Judgment

For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof.

[2]. Section 8–5, S.C.Code 1962, Anno., provides:

Usury.—Any person who shall receive or contract to receive as interest any greater amount than is provided for in § 8–3 shall forfeit all interest and the costs of the action and such portion of the original debt as shall be due shall be recovered without interest or costs. When any amount so charged or contracted for has been actually received by such person he shall also forfeit double the total amount received in respect of interest, to be collected by a separate action or allowed as a counterclaim in any action brought to recover the principal sum.

defense nor do they contend that they have made any payments or are entitled to any credits other than those set forth in the complaint. The law is well settled that payment is an affirmative defense and must be pleaded. Neal v. Clark (1941), 196 S.C. 139, 12 S.E.2d 921.[3] Accordingly, since the defendants do not challenge the amounts claimed to be due and owing, there is no genuine issue as to the indebtedness.

Defendants further plead by answer the forfeiture provisions of the usury statute embodied in Section 8–5 of the South Carolina Code of Laws for 1962. This section is not applicable, however, to those corporations which fall within the purview of Section 8–8 of the 1962 Code, as amended, which reads as follows:

8–8. Usury not available to certain corporations; lender not subject to penalties.—No corporation lawfully organized to engage in business for profit and having an issued capital stock of forty thousand dollars or more of par value, or stated value in the case of capital stock without par value, shall by way of defense or otherwise avail itself of any of the provisions of §§ 8–2, 8–3, 8–5, 8–7 or 8–9, to avoid or defeat the payment of any interest, discount or charges which it has agreed upon, allowed or contracted to pay in respect of any obligation for money borrowed, nor shall the lender be subject to § 8–9, where the loan is to a corporation Provided, that the amount of issued capital stock as shown in the latest annual report of such corporation filed with the South Carolina Tax Commission, pursuant to § 65–602, or, in the case of a foreign corporation which does not file such reports in South Carolina, as shown in the latest annual franchise tax or similar report filed by such foreign corporation with the appropriate authority of its state of incorporation, shall be conclusive evidence against such corporation as the amount of issued capital stock for the purposes of this section.

■ It is undisputed that the defendant, Rockie Realty, Inc., is a domestic corporation, organized under the laws of the State of South Carolina to engage in the real estate business. The amount of issued capital stock listed on the annual report of said corporation filed with the South Carolina Tax Commission on March 15, 1971, prior to the execution of said note, and on May 15, 1971, shortly thereafter, exceeds $40,000.00. Hence, the defendant corporation falls squarely within the provisions of this statute and it may therefore not avail itself of the defense of usury to defeat the payment of the interest agreed upon under the terms of the note. It follows therefore that the plaintiff is entitled to judgment against the defendant corporation for the amounts claimed to be due and owing under the terms of said note.

■■ Having concluded that the defense of usury is not available to the corporate defendant, the question remaining for consideration is whether or not the foregoing statute would likewise preclude the individual defendant from asserting usury or whether he may defend under the general usury statute which he pleads. Assuming the latter to be correct, the individual defendant would, in any event, be liable under South Carolina law for the principal amount due in the sum of One Hundred Thousand ($100,000.00) Dollars plus a reasonable attorney's fee. American Mortgage Company v. Woodward (1909), 83 S.C. 521, 65 S.E. 739.

■ A question arises as to the right of the individual defendant, Boineau, to rely on the defense of usury as the statute (Section 8–8, supra) precisely applies to corporations. There is no question but that Boineau is an accommodation endorser. Boineau stands in the shoes of his co-defendant; his rights,

---

3. "It does not need the citation of authorities to support the postulate that plea of payment is an affirmative defense and the burden of proving it is on him who pleads it." [12 S.E.2d 925].

privileges and responsibilities rest with these of the maker of the instrument he endorsed.

It is now generally recognized that a statute withdrawing the defense of usury from a corporation applies also to individual guarantors, sureties, and endorsers on corporate obligations, so that they, as well as the corporation, are precluded from imposing usury as a defense. See annotation: "Statute denying defense of usury to corporation 63 A.L.R.2d 924, 950," citing supporting state authorities.

Boineau therefore stands in no better position than the corporation. Where the defense of usury is forbidden the corporate borrower, the endorsers, guarantors, and sureties are also precluded from challenging the validity of a corporate obligation governed by the laws of the state on the ground of usury. 91 C.J.S. Usury § 74, p. 651, citing Winkle v. Scott (8th Cir. 1938), 99 F.2d 299,[4] cert. den. 306 U.S. 634, 59 S.Ct. 484, 83 L.Ed. 1036. See also Southern Farm Bureau Life Ins. Co. v. McClellan (5th Cir. 1970) 422 F.2d 825. The defense of usury is not available to Boineau.

█ In 1969, the South Carolina Legislature amended Section 8–8 of the 1962 Code, and enacted Section 8–8.1 which reads:

Usury not available as to loans of $50,000 or more; maximum interest rates on such loans.—The provisions of §§ 8–2, 8–3, 8–5 or 8–7 shall not be available by way of defense or otherwise with respect to any loan in which the amount advanced is fifty thousand dollars or more and the lender in case of any such loan shall not be subject to § 8–9. *Provided, however,* that in the case of loans in which the amount advanced exceeds fifty thousand dollars, but not more than one hundred thousand dollars, the rate of interest shall not exceed ten percent, and on loans in excess of one hundred thousand dollars, but not more than five hundred thousand dollars, the rate of interest shall not exceed twelve percent.

It is obvious that this section applies to the transaction here, and that, under no circumstances, can plaintiff collect, nor will this court, unless further persuaded by applicable law, render judgment for interest at any rate exceeding ten (10) per cent as provided by the statute. Therefore the recovery of interest is limited to ten per cent of the obligation of One Hundred Thousand ($100,000.00) Dollars. This court does not have before it the issue of the amount, rate, integrity, or legality of any interest payments previously made.

Plaintiff is entitled to have judgment against defendants in the amount of One Hundred Thousand ($100,000.00) Dollars, plus interest on said amount from November 2, 1971 at the rate of ten per cent per annum. In addition plaintiff is awarded, as payment of attorneys' fees, a sum equal to ten per cent of the amount due, principal and interest. The Clerk will enter judgment accordingly.

Plaintiff's counsel are directed to submit to the Clerk of this court a verified calculation, with supporting explanation, of the actual amount due.

After the date of filing of this order, interest shall run on the entire amount due at ten per cent per annum.

And it is so ordered.

---

4. "A corporate obligation executed under a statute forbidding the plea of usury to a corporation validates the contract, and the defense will be denied an individual endorser in an action brought against him in another state." [99 F.2d 302].