630 F.2d 239
 FEDERAL DEPOSIT INSURANCE CORPORATION, Appellee,
v.
Scott M. WALDRON; Herbert L. Benson, Jr.; Truitt H. Casey;
Vermelle Roland Fagan, Executrix of the Estate of
Wylie H. Fagan, deceased; and L. G.
Funderburk, Appellants.
 No. 79-1734.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 3, 1980.
Decided Sept. 26, 1980.
 
 Joe E. Berry, Jr., Columbia, S. C. (Berry, Dunbar & Woods, Columbia, S. C., on brief), for appellants Benson, Casey and Funderburk.
 Robert G. Price, Columbia, S. C. (Kennedy & Price, Columbia, S. C., on brief), for appellant Fagan.
 Hamilton Osborne, Jr., Columbia, S. C. (Boyd, Knowlton, Tate & Finaly, Columbia, S. C., on brief), for appellee.
 Before BRYAN, Senior Circuit Judge, and RUSSELL and SPROUSE, Circuit Judges.
 SPROUSE, Circuit Judge:
 
 
 1
 This action to collect on a guaranty of a corporate note was brought by the Federal Deposit Insurance Corporation (FDIC) against Scott M. Waldron, Herbert L. Benson, Jr., Truitt H. Casey, Vermelle Roland Fagan, Executrix of the Estate of Wylie H. Fagan, Deceased, and L. G. Funderburk (Guarantors). The district court granted summary judgment to the FDIC based on depositions and affidavits. The Guarantors appeal. We affirm the judgment of the district court.
 
 
 2
 The American Bank and Trust Company (the Bank) loaned $135,000.00 to Terracorp, Inc. in July, 1972. The five Guarantors simultaneously executed an agreement guaranteeing payment of the corporate note. The Bank closed in September, 1974. FDIC became the Bank's successor in interest and received the guaranty agreement as one of the Bank's assets. Although the guaranty agreement was for $135,000.00, it was a continuing guarantee. The individuals guaranteed $135,000.00 in connection with the July, 1972, corporate note, or up to a total of $135,000.00 for that or any loans made to the corporation in the future. In January, 1973, Terracorp, Inc. executed a second note at the Bank in the amount of $135,000.00, guaranteed by only one of the original Guarantors, Scott M. Waldron. Waldron subsequently declared bankruptcy and has been discharged from all indebtedness to the FDIC.
 
 
 3
 The Guarantors contend that the original guaranty agreement, although in form a continuing loan guaranty, was only a guaranty for the specific loan negotiated in July, 1972. They further assert that the second corporate note of January, 1973, guaranteed by Waldron only, paid the original July, 1972, corporate indebtedness and released the four solvent Guarantors. The vice-president of the Bank who made the loans stated in his affidavit that "(the 1972 note) was executed solely in connection with (that) particular loan." He also said that it was orally understood that Benson, Casey, Funderburk and Fagan would be released from the original $135,000.00 obligation when the second corporate note was executed.
 
 
 4
 The Bank subsequently loaned Terracorp, Inc. $850,000.00, evidenced by five promissory notes. There were no individual guarantees and the notes remain uncollected.
 
 
 5
 The Guarantors' argument that Terracorp, Inc. paid its January, 1972 obligation with its second corporate note, thereby releasing the Guarantors, fails on several grounds. A written agreement under South Carolina law can be modified by an oral agreement but it must be supported by consideration. Evatt v. Campbell, 234 S.C. 1, 106 S.E.2d 447 (1959); American Oil Co. v. Cox, 182 S.C. 419, 189 S.E. 660 (1937). The South Carolina Supreme Court has explicitly held that a renewal note does not constitute adequate consideration for an agreement to modify the debt. Marion Production Credit Association v. Smith, 221 S.C. 172, 69 S.E.2d 705 (1952); Rabon v. State Finance Corp., 203 S.C. 183, 26 S.E.2d 501 (1943). Those asserting payment as a defense have the burden of proving it. Robert L. Huffines, Jr., Foundation, Inc. v. Rockie Realty, Inc., 347 F.Supp. 1256 (D.S.C.1972); Neal v. Clark, 196 S.C. 139, 12 S.E.2d 921 (1941). The Guarantors have only proved the execution of a corporate renewal note designed to replace the July, 1972, note. This not only does not sustain their burden, but negates consideration.
 
 
 6
 Finally, 12 U.S.C. § 1823(e) (1969) bars the Guarantors' attempt to prove an oral agreement modifying the original obligation. It provides:
 
 
 7
 No agreement which tends to diminish or defeat the right, title or interest of the Corporation (FDIC) in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.
 
 
 8
 The alleged oral agreement was apparently between the Guarantors and the vice-president representing the Bank. (The alleged oral agreement in this case, if enforced, would have defeated the FDIC's right to collect $135,000.00.) There is no evidence that it satisfied any of the criteria expressed in § 1823(e). A plain reading of the statute reflects that a transparent attempt to avoid an obligation, such as was present in this case, is exactly the type of transaction proscribed by the Act.
 
 
 9
 The judgment of the district court is affirmed.
 
 
 10
 AFFIRMED.