772 F.2d 909
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA; SMALL BUSINESS ADMINISTRATION,
PLAINTIFF-APPELLEES,
v.
DANIEL P. MCDONALD, DEFENDANT-APPELLANT.
 NO. 84-3845
 United States Court of Appeals, Sixth Circuit.
 8/15/85
 
 S.D.Ohio
 AFFIRMED
 On Appeal from the United States District Court for the Southern District of Ohio
 Before: KENNEDY and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant McDonald appeals from the District Court's order granting summary judgment in favor of the Small Business Administration (SBA). SBA filed suit alleging that McDonald was in default on an SBA disaster loan of $5,000, and that SBA was entitled to full payment in accordance with the promissory note's acceleration clause. In moving for summary judgment, SBA submitted a $5,000 promissory note; a notice of default and acceleration; a certified transcript of McDonald's account showing that only one $90 payment had been received; and the affidavits of two SBA Disaster Loan and Liquidation Specialists, describing their efforts to collect monthly payments from McDonald and their efforts to ascertain whether McDonald's wife had ever purchased money orders with which to make payments, as she claimed.
 
 
 2
 McDonald asserts that the loan has been repaid in full. He submitted only the affidavit of his wife, to the effect that she had mailed regular monthly payments of $90 or more beginning in January 1980.
 
 
 3
 The District Court granted summary judgment reasoning that McDonald's failure to submit money order receipts, cancelled checks or other documentation in support of his wife's affidavit indicated that no genuine issue existed as to any material fact.
 
 
 4
 Although the affidavit of McDonald's wife creates a genuine issue as to whether checks or money orders were sent, this does not reach the level of material fact. Even if we were to assume that checks or money orders were indeed sent, we would nevertheless have to affirm the District Court's grant of summary judgment.
 
 
 5
 One who asserts payment as a defense has the burden of proving payment. See Federal Deposit Insurance Corp. v. Waldron, 630 F.2d 239, 241 (4th Cir. 1980). Payment 'connotes tender by the debtor with the intention to satisfy the debt coupled with its acceptance as satisfaction by the creditor.' United States v. Isthmian, 359 U.S. 314, 318-19 (1959) (emphasis added). Even if the SBA had received the checks, it could still have declined to accept them as payment if, for example, the checks were not honored. McDonald, however, has failed to submit any evidence or even to aver that the checks or money orders were received and accepted by SBA. Further, McDonald bore the risk of loss in the mail. See United States v. Forcellati, 610 F.2d 25, 31 (1st Cir. 1979), cert. denied, 445 U.S. 944 (1980) (defendant who filched from mail a check from government to third party could be convicted of disposing of government property since the risk of loss in the mail was on sender (the government) and mere mailing of the check did not discharge government's obligation to pay the payee).
 
 
 6
 Even assuming the checks and money orders were mailed, there is no genuine issue as to their receipt. McDonald offered nothing to dispute the sworn affidavits that payment was not received. Payment does not occur without receipt. Summary judgment was appropriate.
 
 
 7
 The judgment of the District Court is affirmed.