14424

AMERICAN OIL CO. v. COX ET AL.

(189 S. E., 660)

*Mr. S. B. Knotts, Jr.,* for appellants,

*Messrs. Thomas, Lumpkin & Cain,* for respondent,

January 29, 1937.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This case, which involves the dispossession of tenants holding over after the alleged expiration of their lease, originated in a magistrate's Court for Richland County, and resulted in a verdict for the respondent by direction of the Court. Upon appeal being taken to the Court of Common Pleas, the judgment of the magistrate was affirmed in a formal order. From this order the appellants appeal to this Court, upon several exceptions.

It appears from the record that the respondent entered into a written lease with the appellants, whereby it leased to the appellants a certain gasoline service station in the City of Columbia, at a stipulated rental of $60.00 per month. This lease was entered into on August 16, 1935, and among other provisions, it provided that it might be terminated by

either party upon twenty-four hours' written notice to the other. The appellants entered into possession of the premises under the lease, on or about September 1, 1935, and conducted a filling station business thereon, and paid the required rent up to February 15, 1936.

Proceeding under the terms of the lease, the respondent notified the appellants on February 10, 1936, by registered mail, that it desired to exercise its privilege to terminate the lease, and requested that possession of the property be given it on February 16, 1936. This latter date fell on a Sunday, and on that day a representative of the respondent requested possession, but, as neither of the appellants was present at the station the employee in charge advised him that he was not authorized to give up the keys. On the next morning, Monday, February 17th, the branch manager of the respondent demanded possession of the premises from one of the appellants, and possession was refused. On Wednesday, February 19th, the respondent, acting under Section 8813 of the Code, caused a notice to quit to be issued from the magistrate Court, which was served on one of the appellants on that day, and on the other appellant on the next day, returnable on the third day after service. As it happened that the third day following such service fell on a Sunday, February 23rd, the respondent, on February 24, 1936, caused to be served a second notice to quit in the same Court, and returnable within three days. It was then agreed by the respondent and the appellants that the return of the second notice should be reduced to two days, and it was also agreed that the defense to the second notice would be the same as that interposed to the first notice.

The appellants contend first that the magistrate was without jurisdiction to try the case because the value of the property in controversy exceeded the sum of $100.00.

Article 5, Section 21, of the Constitution, provides: "Magistrates shall have jurisdiction in such civil cases as the General Assembly may prescribe: Provided, Such jurisdic-

tion shall not extend to cases where the value of property in controversy, or the amount claimed, exceeds one hundred dollars, or to cases where the title to real estate is in question, or to cases in chancery."

Section 8813 of the Code, which furnishes a summary method for dispossession of tenants holding over after the termination of their lease, provides in part as follows: "In all cases where tenants hold over after the expiration of their lease or contract for rent, whether the same be in writing or by parol, or shall fail to pay the rent when the same shall become due, the landlord is hereby authorized and empowered, either in person or by agent, to demand possession thereof from the tenant or person in possession thereof; and in case of refusal or resistance, it shall be lawful for the person so letting said premises, houses or tenements, his agent or attorney, to apply to a magistrate, whose duty it shall be to have a notice served upon the person or persons so refusing to be dispossessed to show cause, before him, if any he can, within three days from the date of said personal service, of such notice, why he should not be dispossessed; * * * Provided, further, That either party to the proceeding shall have the right to appeal, which appeal shall stay further proceedings upon the tenant entering into bond with sufficient surety or sureties to pay the landlord all damages which he may sustain thereby."

It is argued by the appellants that the Code section in question is unconstitutional in so far as it clothes magistrates with jurisdiction in cases where the value of the property in controversy exceeds $100.00. It is conceded in the record that the value of the premises, the possession of which is in dispute, exceeds the sum of $500.00.

In actions of forcible entry and detainer, however, such as this, the jurisdiction of the magistrate is not affected by the value of the property, the possession of which is sought to be recovered. In such cases it is generally held that the value of the premises is totally im-

material. 26 C. J., § 93, p. 843. Summary actions between landlord and tenant for the mere possession of realty under the circumstances shown here, therefore, involve only the value of the possession. 15 C. J., 762.

A review of the record does not disclose any proof or showing made before the magistrate of the value of the possession, such as would have made it necessary, or obligatory upon the magistrate, or the Circuit Court on appeal from his judgment, to pass upon this constitutional question affecting jurisdictional boundaries.

The appellants interposed as one of their defenses that the written lease had been superseded or altered by a subsequent oral agreement entered into between the parties, supported by a valuable consideration, but testimony offered to establish the alleged oral agreement was excluded by the magistrate upon motion of the respondent. Because of this adverse ruling the defendants assign error.

Unquestionably, it is true that a written contract may be changed by a subsequent parol agreement, supported by a valuable consideration, and evidence is admissible in proof of such parol agreement. But the appellants have not laid the proper basis, nor pursued the recognized method which would enable this Court to review the alleged error of the magistrate in excluding such evidence. An examination of the record shows that the appellants did not apprise the Court of what they proposed to prove by the witnesses whose testimony was excluded. It was stated to the Court that it was desired to prove a subsequent parol agreement, supported by a valuable consideration, but it was not specifically stated what the agreement was or what constituted the consideration. There is no testimony in the entire record to which the Court can refer to inform itself as to the purport of the excluded evidence.

In the case of *Legrande v. Legrande,* 178 S. C., 230, 182 S. E., 432, 436, 102 A. L. R., 582, the appellants excepted to the refusal of the trial Court to allow certain witnesses

to testify as to conversations which they were alleged to have had with the insured shortly before he died, concerning his insurance. The Court said: "These exceptions must be overruled for the reason that the record fails to disclose sufficiently the testimony appellant expected from these witnesses. Counsel for appellant did not ask that the jury be excused, the witnesses examined, so that the exact testimony desired to be introduced might appear in the record. Neither did counsel state to the Court what he proposed to prove by these witnesses. One of these two methods should have been pursued, *Chandler v. People's National Bank,* 140 S. C., 433, 138 S. E., 888, 889. In that case this Court said: 'We agree with the principle of practice that this Court should not reverse a cause for failure to admit testimony, unless the record on appeal to this Court shows fairly what the rejected testimony would have been.' "

In the case at bar, the appellants did not follow either of the methods suggested in *Legrande v. Legrande, supra.* It may be that, if the excluded testimony had been allowed, it might have shown that the value of the possession of the premises exceeded the jurisdictional limit of the magistrate, but in the present state of the record this Court is left to speculate as to what was intended to be proved before the magistrate Court, and for that reason it does not become necessary, nor is it proper, to pass upon the alleged unconstitutionality of Section 8813 in its application to the facts of this case.

The rule was laid down in Cooley's Constitutional Limitations (8th Ed.), Vol. 1, at page 338: "Neither will a court, as a general rule, pass upon a constitutional question, and decide a statute to be invalid, unless a decision upon that very point becomes necessary to the determination of the cause. * * * In any case, therefore, where a constitutional question is raised, though it may be legitimately presented by the record, yet if the record also presents some other and clear ground upon which the court

may rest its judgment, and thereby render the constitutional question immaterial to the case, that course will be adopted, and the question of constitutional power will be left for consideration until a case arises which cannot be disposed of without considering it, and when consequently a decision upon such question will be unavoidable."

This language was quoted with approval in *Sanders v. Atlantic Coast Line R. Co.,* 114 S. C., 164, 103 S. E., 564, and in *Ex Parte Florence School,* 43 S. C., 11, 20 S. E., 794.

When the appellants gave notice of intention to appeal from the judgment of the magistrate Court and an appeal bond was required by the magistrate in the sum of $500.00, the appellants gave the bond, but questioned the right and jurisdiction of the magistrate to require a bond in a sum greater than $100.00 under Article 5, Section 21, of the Constitution (1895), to which we have already referred. The proviso in Section 8813 of the Code, which we have quoted herein, provides that an appeal shall stay further proceedings upon the tenant's entering into bond with sufficient surety or sureties, to pay the landlord all damages which he may sustain thereby. In our opinion, this provision does not contravene the jurisdictional limitation contained in the Constitution with respect to magistrates. It bears no direct or necessary relation to jurisdiction, but merely involves the exercise of a judicial function, conferred by the General Assembly, after jurisdiction has already been obtained. It would seem needless to say that, should any action be brought upon such bond in which the amount claimed should exceed the sum of $100.00, a magistrate would be without jurisdiction to entertain it.

We direct our attention to several procedural questions—more or less technical—raised by the appeal.

It is contended that the notice to quit or rule to show cause issued by the magistrate was ineffective because made returnable within less than three days. The ap-

pellants evidently overlook the agreement entered into with the respondent that the return day of the second notice should be reduced to two days, and it was in consequence of this agreement that the trial of the case was entered upon on the second day. The further contention is made that a notice to quit or rule to show cause cannot be made returnable on a Sunday. It is necessary only to point to the fact that the parties proceeded to trial by agreement on the second notice, which was not returnable on a Sunday.

We have examined the testimony with great care, and are satisfied that the respondent proceeded in accordance with the terms of the lease to terminate and cancel it, and that prior to the issuance of the rule to show cause a lawful demand was made upon the appellants for the possession of the premises. *Biber v. Dillingham,* 111 S. C., 502, 98 S. E., 798. The testimony presented no issues for determination by the jury.

All exceptions are overruled, and the judgment of the lower Court is affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and BAKER concur.