## CARL E. MACDANZ v. NORTHERN STATES POWER COMPANY.[1]

December 22, 1939.

No. 32,210.

W. W. *Merrill* and *Smith & Smith,* for appellant.

A. *William Groth* and *Cyrus Erickson,* for respondent.

HOLT, JUSTICE.

Action for a declaratory judgment. There were no findings made; but, upon the pleadings and the evidence submitted, the court ordered the action dismissed. Plaintiff appeals from the judgment of dismissal.

The complaint alleged that defendant holds a franchise from the city of Glencoe to furnish its inhabitants with electrical energy for 20 years from July 16, 1925, and that it is operating there-

[1]Reported in 289 N. W. 58.

under; that plaintiff occupies a dwelling house in Glencoe and has purchased and still purchases electrical energy from defendant for use in his dwelling; that on August 18, 1936, at solicitation of defendant, plaintiff signed a contract for electrical service, a copy of which is attached to and made a part of the complaint as exhibit B; that plaintiff received no consideration for signing the contract; that defendant's wires were connected with plaintiff's dwelling and metered therein prior to signing exhibit B and he received the same service for the same price as other residential customers of defendant, and continued to receive the same service at the same price since so signing the same; that, on information and belief, plaintiff avers that defendant claims plaintiff is bound to purchase all his electrical energy from defendant until July 23, 1945; but plaintiff contends that exhibit B is void for want of consideration; wherefore he asks that a declaratory judgment so adjudging be entered. The answer admitted defendant's business and franchise and that plaintiff purchased electrical energy for his dwelling from defendant prior to August 18, 1936; but alleges that continuously after said date such energy was furnished under exhibit B, which was entered into for a valuable consideration and has been fully performed by defendant, and it is ready and willing to perform for the full term of the agreement. Defendant asks that plaintiff take nothing and that it have judgment for its costs and disbursements.

The order for dismissal does not make clear upon what ground such action was taken. Where a contract has been entered into because of mistake, fraud, or duress, or in violation of some law, there is no doubt of the right of a party thereto to seek its annulment under the declaratory judgments act. Since the enactment of L. 1933, c. 286 (3 Mason Minn. St. 1938 Supp. §§ 9455-1 to 9455-16) numerous cases have reached this court in which use has been made of the act. County Board of Education v. Borgen, 192 Minn. 512, 257 N. W. 92, deals at some length with some phases thereof. In Kariher's Petition, 284 Pa. 455, 131 A. 265, in sustaining the act, its origin and use are fully stated, and it is held that there must be an actual controversy as to existing rights

which moves the court to action. As seen from excerpts of the pleadings, there is no controversy as to the execution by both parties of exhibit B. It is not averred that its execution was induced by mistake, fraud, or duress. There is no doubt of its meaning and no claim that its terms need construction. The sole contention of plaintiff is that exhibit B be adjudged void for want of consideration. It contains mutual promises and agreements, hence shows consideration on its face. As we understand plaintiff's contention, it is that there was no monetary consideration passed between the parties for signing exhibit B. Plaintiff says his dwelling had been attached to defendant's wires and he had received from defendant electricity at the same rate before as he did after exhibit B was executed. 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 1764, and King v. D. M. & N. Ry. Co. 61 Minn. 482, 63 N. W. 1105, there cited, state the proposition that "doing or promising to do what one is already legally bound to do, either by the general law or by contract with the other party, is not a sufficient consideration." There is no evidence of any contract, oral or written, under which electricity was furnished plaintiff's dwelling prior to the taking effect of exhibit B. In the absence of such showing, it cannot be said the parties did a vain thing by entering the written contract. No doubt every resident owner is under the franchise ordinance entitled to be supplied with electricity by defendant at rates fixed thereunder, without discrimination. Even so, we think exhibit B shows consideration moving to plaintiff in these two provisions:

"2. This agreement shall not be binding upon the Customer should a situation arise whereby the Customer has no further use for electric service for Residential purposes.

"3. It is also agreed that, should the Customer be able to purchase electricity from any other source in Glencoe at rates lower than available from the Company at any time during the term above specified, the Customer may cancel this Agreement."

There is no showing that in virtue of any agreement, ordinance, or law under which plaintiff received electrical energy prior to

exhibit B the quoted provisions were available to him. Assuming, however, that plaintiff had a valid arrangement, oral or written, whereby defendant was required to supply his dwelling with electric current, we can see no reason why the parties could not terminate the same at any time by mutual agreement and substitute in place thereof a new agreement, provided the latter contains no provision contrary to any ordinance or statute. This exhibit B was an executory contract. We think plaintiff wholly failed to prove want of consideration and hence is in no position to complain of the order or judgment of dismissal.

By this we do not mean to intimate that it would have been improper for the court to have made findings of fact and law as to the validity of exhibit B; but defendant did not ask for other relief than dismissal and has not appealed.

Judgment is affirmed.