15566

RABON v. STATE FINANCE CORPORATION

(26 S. E. (2d), 501)

April, 1942.

*Mr. C. T. Graydon* and *Mr. F. Ehrlich Thompson,* both of Columbia, S. C., Counsel for Appellant,

*Mr: Richard E. Broome,* of Columbia, S. C., Counsel for Respondent,

July 17, 1943.

CIRCUIT JUDGE THOS. S. SEASE, ACTING ASSOCIATE JUSTICE, delivered the unanimous opinion of the Court:

This action is one for the breach of an alleged contract to extend the time for the payment of a promissory note executed by respondent to appellant, and for the resulting damage allegedly suffered by reason of the filing of the assignment of wages executed and delivered by respondent to secure the payment of the promissory note.

The case was tried before the Honorable A. W. Holman and a jury, resulting in a verdict in favor of the respondent for $1,500.00 actual damages. Thereafter a motion for a new trial was noted and argued. Judge Holman granted a new trial unless the respondent should remit the sum of $1,000.00 upon the record, the respondent remitted the required sum. This appeal is from the judgment in favor of the respondent in the sum of $500.00.

The appellant questions the judgment by eight exceptions. It is unnecessary to set out the exceptions, it will suffice to state that they raise two legal questions which are determinative of this appeal. They are: (1) Is the contract sued upon supported by a valid, legal consideration? (2) Was any competent, relevant testimony offered to prove that the contract sued upon was supported by a legal, valid consideration? If the answer to the foregoing questions be in the affirmative, the judgment of the lower Court should be affirmed. If the questions be answered in the negative, the trial Judge erred in overruling appellant's motion for a nonsuit and direction of a verdict in its favor, and the judgment of the lower Court should be reversed and the case remanded to the lower Court with direction that judgment be entered for the appellant under rule 27 of this Court.

It is elemental, and requires no citation of authority for the proposition that before a party can recover for the breach of a contract, that he must allege and prove by competent, relevant testimony each one of the material elements of the contract sued on.

It has been the established law of South Carolina since the commencement of its jurisprudence that a contract is an agreement on sufficient consideration,

to do or not do a particular thing. Therefore, the consideration is one of the vital elements of a valid binding contract, and no contract is complete without a valid, legal consideration.

Is the alleged contract here sued upon supported by a valid legal consideration?

The complaint, after alleging the execution and delivery of the promissory note by the respondent and the execution and delivery of the assignment of wages, then goes on to allege that respondent became delinquent in the payment of the promissory note (it was payable in twelve equal monthly installments), and further that the respondent "feeling that the assignment above referred to might be presented to his employer, went to the defendant's office for the purpose of making arrangements to have some one else pay up the entire amount then owing to defendant in order to prevent the possibility of the filing of said assignment, and at which time the defendant through its servant, agent and employee, Fred C. Patterson, who was also president of said corporation, acting within the regular scope and authority of his employment as such agent, servant and employee and as president of said defendant, *told plaintiff to go ahead and not worry about the two monthly payments of Twelve $12.00 Dollars each, which were in arrears on his promissory note at that time; that he could catch up the two payments some time before the last payment was due and payable thereon.*" (Italics added.)

The foregoing quotation from the complaint states all of the facts which might be taken to show the contract upon which respondent seeks to recover.

It is unquestionably true that the respondent was legally obligated from the date of the execution and delivery of the note and assignment to pay the note according to its terms. The respondent only alleges that the appellant through its president told him not to worry, that he could catch up the payments then in arrears "some time before the last pay-

ment was due and payable." The respondent did not allege that he agreed to catch up the payments in arrears.

The complaint only alleges that respondent agreed to do something that he was legally bound to do. The proof offered by respondent only tends to show that the respondent agreed to do that which he was already legally bound to do. Is an agreement to do that which one is already legally bound to do sufficient consideration to support a new agreement?

The authorities from this and other jurisdictions are unanimous in holding that such an agreement is not sufficient to support a new contract. See 12 Am. Jur. No. 88 (and note 17) page 582; 17 Corpus Juris Secundum, Contracts, § 112, page 466; American Law Institute's Restatement of the Law, Contracts, Chapter 3, No. 76, pages 82-86.

In *Blair v. Howard*, 144 Fla., 421, 198 So., 80, 81, a case which involved the foreclosure of a real estate mortgage, the defendant pleaded an extention of the maturity date of the note. The answer alleged that the plaintiff agreed to extend the maturity date of the note if defendant would pay the past due interest and taxes and that he had paid the past due interest and taxes, as agreed. The Supreme Court of Florida reversed the judgment of the lower Court, and decided that there was no proof of a contract, which was binding to extend the time of payment of the obligation which was the subject-matter of the suit. In the course of its opinion the Court quoted with approval the following rule: " 'and it is not a sufficient consideration for an agreement to extend the time of payment that the debtor promises to do anything which he is legally bound to do.' Citing 21 R. C. L. 12."

The Kentucky Supreme Court in *Pool v. First Nat. Bank of Princeton*, 287 Ky., 684, 155 S. W. (2d), 4, 5, applied the same rule; the following is taken from the opinion in that case: "This action was instituted by appellee to collect interest on these notes from October 6, 1933, to the dates that

the principals of said notes were retired, the interest prior to October 6, 1933, having been paid by the debtors. Appellants by answer alleged that during the depression of 1933 and subsequent years, the bank allowed many persons, including both appellants, to renew their notes without collecting interest thereon in pursuance of a policy adopted by the board of directors which was approved by the state banking commission and the Comptroller of Currency of the United States; and that it was agreed between appellants and the board of directors that no interest was to be charged after October 1933. This agreement was denied by the bank and much proof was introduced on both sides of the question, none of which we deemed to be material for the following reasons: The original contracts between the Pools and the bank, evidenced by notes executed by the Pools and accepted by the bank, recited that interest was to be paid from the date of maturity of the respective notes. The subsequent renewals of these obligations did not constitute new contracts but merely extended the due date of the original contracts; and if the bank had agreed, as is contended by appellants, to the extension of time for the payment of the obligations without payment of interest, the agreement was without consideration and unenforceable."

The language of the U. S. District Court of Maryland sets forth the rule in very positive terms in *United States v. Lange*, D. C., 35 F. Supp. 17, 19: "The rule in Maryland, which is the law generally, is that a promise to do, or actually doing, no more than that which a party to a contract is already under legal obligation to do, is not a valid consideration to support the promise of the other party to the contract to pay additional compensation for such performance. In other words a promise by one party to a substituting contract to the opposite party to prevent a breach of the contract is without consideration. Or, stated in still another way, where the promise of the one is no more than a repetition of a subsisting legal promise, there can be no con-

sideration for the promise of the other party and there is no warrant for inferring that the parties have voluntarily rescinded or modified their contract."

This Court has applied the same rule in *Nesbitt v. Louisville, C. & C. R. Co.*, 2 Speers 697, which decision was followed in *Colcock & Co. v. Louisville, C. & C. R. Co.*, 1 Strob., 329, 12 S. C. L., 141.

For other decisions supporting this rule, see *United States F. & G. Co. v. Crais*, 13 La. App., 691, 127 So., 414; *Eastman v. Miller*, 113 Iowa, 404, 85 N. W., 635; *Schaadt v. Mutual Life Ins. Co. of New York*, 2 Cal. App., 715, 84 P., 249; *MacDanz v. Northern States Power Co.*, 206 Minn., 510, 289 N. W., 58; *Ochs v. Equitable Life Assur. Soc.*, 8 Cir., 111 F. (2d), 848; *Grand Trunk Western R. Co. v. H. W. Nelson Co.*, 6 Cir., 116 F. (2d), 823; *Quarture v. Alleghany County*, 141 Pa. Super., 356, 14 A. (2d), 575; *Fisher County Pipe Line Co. v. Snowden & McSweeny*, Tex. Civ. App., 143 S. W. (2d), 675; *Hogan v. Supreme Camp of the American Woodmen*, 146 Fla., 413, 1 So. (2d), 256.

When the pleadings and proof are considered in connection with the foregoing authorities it is clear that there was no legal or valid consideration to support the agreement sued upon, and therefore the trial Judge erred in refusing to grant appellant's motions for a nonsuit and the direction of a verdict made upon the ground that the agreement sued upon was without consideration.

In view of what has been said, we consider it unnecessary to discuss the other questions raised by the exceptions.

Is is, therefore, ordered that the judgment of the lower Court is hereby reversed and this case is remanded to the lower Court with instructions to enter judgment in favor of the defendant under Rule 27 of this Court.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE, and STUKES, and CIRCUIT JUDGE E. H. HENDERSON, ACTING ASSOCIATE JUSTICE, concur.