## ORSINI v. LATHROP CO., Inc.
### No. 6330.

United States District Court. D. Alaska.
Fourth Division. Fairbanks.
March 21, 1950.

---

* See 63 Harvard Law Review, page 520, Jan. 1950.

642

Robert A. Parrish, of Fairbanks, for plaintiff.

Medley & Haugland, of Seattle, Wash., and Collins & Clasby, of Fairbanks, for defendant.

PRATT, District Judge.

In plaintiff's complaint it is alleged:

That commencing with the month of December, 1943, plaintiff was employed by the defendant as an accountant. In 1944 his salary was fixed in a definite sum, plus one-third of 5% of the gross threatre intake of the defendant. This agreement continued until the 7th day of June, 1949, when defendant reduced plaintiff's salary to $12,000 a year, retroactive to January 1, 1948. In 1948 plaintiff's salary amounted to $16,575.00 (that there is an error in plaintiff's allegation that the $12,000.00 salary was retroactive to January 1, 1948, is shown by the allegation that plaintiff was paid $16,500.00 on his 1948 salary of $16,-575.00). Plaintiff did not leave defendant's employ until September 7, 1949;

That in 1944, in the regular course of plaintiff's duties, he commenced to claim a refund for defendant of excess profit taxes paid the United States in the sum of $37,434.00 including interest.

That on or about the 30th day of September, 1944, and again on or about the 30th day of May, 1947, the defendant "Promised to the Plaintiff that if Plaintiff could successfully obtain said refund from the U. S. Government, that Plaintiff would share the said refund. That in reliance on the said promise of the Defendant, Plaintiff spent much time, over and beyond his regular duties, and remained in the employment of the Defendant, and prosecuted said claim successfully and obtained for the Defendant, from the United States Government, an excess profits tax refund of $35,932.00 together with interest in the amount of $1507.00, which said tax refund was paid to the Defendant by the United States Government in June of the year 1949; that by reason of the aforesaid, Plaintiff is entitled to recover from the Defendant the sum of $18,717.00, an amount equal to one half of $37,434.00";

That demand was made by plaintiff for one-half of the refund, to-wit, the sum of $18,717.00, but that the defendant refused to pay the same.

The defendant has filed a motion to dismiss plaintiff's complaint upon the ground that it fails to state a claim upon which relief can be granted.

It is therefore thought that the doctrine In Matter of New York County Lawyers Association (In re Bercu), 273 App.Div. 524, 78 N.Y.S.2d 209, 9 A.L.R.2d 787, has no application to this case in the present state of the pleadings, as plaintiff's complaint does not affirmatively show the steps taken by Orsini to bring about the refund.

As it is shown by the complaint that plaintiff was employed by the defendant under a yearly salary during all of the time mentioned in the complaint, and it was in the regular course of his employment to make the claim for the defendant for the refund of said excess profits taxes, therefore it becomes necessary to ascertain whether or not there was any consideration for the promise of the defendant, through its president, to give plaintiff a share in the recovery.

In 12 American Jurisprudence, page 582, Sec. 88, appears the rule: "The performance or promise of performance of a legal duty imposed by law or arising from a contract with the other party is insufficient consideration for a promise."

In 17 C.J.S. Contracts, § 112, page 465, it is stated: "The promise of a person to carry out a subsisting contract with the promisee or the performance of such contractual duty is clearly no consideration, as he is doing no more than he was already obliged to do, and hence has sustained no detriment, nor has the other party to the contract obtained any benefit. Thus, a promise to pay additional compensation for the performance by the promisee of a

contract which the promisee is already under obligation to the promisor to perform is without consideration, * * *".

Many cases are cited to the above-mentioned rule. Later cases are to the same effect.

In Lange et al. v. U. S., for Use of Wilkinson, 4 Cir. 1941, 120 F.2d 886, on page 890, the above rule is adhered to.

In Tegethoff v. Sidmon, Mo.App., St. Louis Court of Appeals, 1942, 158 S.W.2d 224, 228, where the agreement for attorneys fees raised the amount, the Court said: "It is also a well-settled and long-established principle of law that a promise to pay another additional or different compensation for doing that which he is already under contract to the promisor to do is without consideration and is therefore void and not enforcible."

In Quarture v. Allegheny County, 1940, 141 Pa. Super. 356, 14 A.2d 575, where an agreement to prosecute an action to final determination for a specified fee was later raised to allow a larger fee, the Court held: "The promise * * * to carry out a subsisting contract with the promisee or the performance of such contractual duty is clearly no consideration * * *".

In Rabon v. State Finance Corporation, 1943, 203 S.C. 183, 26 S.E.2d 501, 502, it was held where a subsequent agreement to extend time for the payment of a note was alleged, that an agreement to do that which he was already legally bound to do does not furnish consideration for the support of a new agreement, further stating: "The authorities from this and other jurisdictions are unanimous in holding that such an agreement is not sufficient to support a new contract."

■ The complaint clearly shows that during all of the time plaintiff was seeking to recover a rebate for defendant, he was under the employment of the defendant as an

accountant at a salary of over $16,000 per year, and it was his duty to seek such rebate. The contract between plaintiff and defendant had already been made and was partially, if not entirely, performed on the part of both of them at the time defendant is alleged to have promised a share of the recovery to plaintiff. It therefore falls clearly within the rule above mentioned as being an agreement which was not based upon any consideration and was therefore unenforcible.

For defendant's president to give plaintiff some $18,000 of the defendant's money under the conditions shown in the complaint would be an act beyond his powers, and, in fact, beyond the power of the Board of Directors.

The statement of defendant that plaintiff was to have "a share" in the recovery is far from the statement that he was to have an equal share with the defendant in the refund. The amount of the share is entirely too indefinite to constitute a contract as "It is essential to a contract that the nature and the extent of its obligations be certain * * *. Therefore, if the offer is in any case so indefinite as to make it impossible for a court to decide just what it means, and to fix exactly the legal liability of the parties, its acceptance cannot result in an enforceable agreement." 17 C.J.S., Contracts, § 36(c), page 364.

The conversation relied upon by plaintiff does not rise to the dignity of a contract and is too vague and indefinite to be enforced. Mackintosh v. Thompson, 58 App. Div. 25, 68 N.Y.S. 492, 494.

It appears, therefore, that defendant's motion should be granted and the cause dismissed as to the second cause of action.