16599

MARION PRODUCTION CREDIT ASS'N v. SMITH
(69 S. E. (2d) 705)

*Messrs. Jenerette & Jenerette,* of Mullins, *for Appellant,* cite:

*Mr. J. Malcolm McLendon,* of Marion, *for Respondent,* cites:

March 5, 1952.

PER CURIAM.

This is an action commenced on April 9, 1951, on a promissory note signed by the appellant, and payable to the

order of the respondent, dated May 29, 1950, in the principal sum of $9,329.43, due October 1, 1950, and with interest at 5½ per cent. The complaint sets forth the terms of the note in full, that it had not been paid, and that there was due thereon the sum of $8,675.00, with interest from April 2, 1951, and attorney's fees in accord with the terms of the note.

The appellant filed a demurrer and an answer to the complaint. His answer admits the execution and delivery of the note alleged in the complaint and the amount due thereon. As a defense he alleges that the Court is without jurisdiction of the appellant because of respondent's failure to allege the residence of appellant and further, that appellant had made payments on the note and had paid the interest to April 2, 1951, and that for this valuable consideration respondent entered into an agreement with appellant to carry the note over a period of years conditioned upon the appellant making a substantial reduction each year in the sum of $1,500.00 plus interest, and to keep the interest paid from April 2, 1951, up to and including the final date of full payment of the obligation. The appellant also counterclaimed for the breach of this alleged agreement.

Upon notice and affidavits duly served by respondent and after arguments by Counsel for the appellant and the respondent, Judge G. Badger Baker, on May 31, 1951, issued his Order wherein it was adudged that the appellant's demurrer was without merit and was, therefore, overruled and stricken, and that the appellant's answer was frivolous, sham and irrelevant and was, therefore, stricken, and the respondent was given judgment against the appellant for the sum of $8,675.00, with interest from April 2, 1951, at 5½% per annum, together with a reasonable attorney's fee of not less than 10% and costs of the action.

Notice of intention to appeal to the Supreme Court was duly served. After the service of this Notice, appellant abandoned so much of the appeal as was taken to the Order strik-

ing the demurrer, and also abandoned the Second Defense of his answer as was made by way of a counterclaim; and upon oral argument of the case, abandoned his exceptions relating to jurisdiction of the appellant, and to the Circuit Judge considering affidavits on the motion to strike the answer as sham and frivolous. In this connection, see *Bank of Fort Mill v. Rollins,* 217 S. C. 464, 61 S. E. (2d) 41, and the cases therein cited.

Therefore, the only issue before the Court is whether the allegation in the answer of the appellant that, after the note had become due, he had made payments on the note and had paid the interest to April 2, 1951, and that for this valuable consideration respondent entered into an agreement to extend the date for the payment of the note as hereinabove set out, was any defense to the action.

We quote with approval from the Order of the lower court: "The motion to strike the defensive pleadings is controlled by the case of *Rabon v. State Finance Corporation,* 203 S. C. 183, 26 S. E. (2d) 501. In this case our Supreme Court held that all jurisdictions are unanimous in holding that an agreement to do that which one is already legally bound to do is not sufficient to support a new contract. The defendant is alleging a new agreement and bases his defense * * * thereon, but it is quite obvious the new agreement he attempts to allege embodies terms and conditions to do that which he is already legally bound to do. It therefore follows that plaintiff's motion to strike the defensive pleadings should be granted."

We find it unnecessary to pass upon respondent's sustaining grounds.

The Order appealed from is affirmed.

BAKER, C. J., and FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.