20571

BANKERS TRUST OF SOUTH CAROLINA, Respondent, v.
Fred J. COLLINS, Jr., Appellant.

(239 S. E. (2d) 889)

*Robert M. Ariail* and *Paul J. Foster, Jr.,* of *Foster and Richardson,* Greenville, *for Appellant,*

*O. Doyle Martin* and *Louis G. Sullivan, II,* of *Leatherwood, Walker, Todd & Mann,* Greenville, *for Respondent,*

December 27, 1977.

*Per Curiam:*

This action was commenced by Bankers Trust of South Carolina, hereafter referred to as "the Bank," against Fred J. Collins, Jr., hereafter referred to as "Collins," to recover on a general guaranty agreement. The guaranty agreement was executed by Collins to insure the payment of a promissory note in the amount of $46,242.99 from Fay A. Cannon to the Bank. The Bank sought to recover the amount of $8,209.25, together with interest and attorney's fees. The action came on to be tried before a jury and resulted in a directed verdict in favor of the Bank. Collins appeals.

During the course of the trial, Collins sought to introduce evidence to support the defense of estoppel. Out of the presence of the jury, Collins proffered the testimony of Phillip Harrison, a former employee of the Bank who handled the making of the note and the guaranty agreement; Collins also testified. Through this testimony, Collins attempted to show that he was misled by the conduct of the Bank's agents into believing that the guaranty was to terminate at the end of six months, after which time he would no longer be responsible for the note. The lower court refused to admit the proffered testimony on the grounds that the defense of estoppel was not pled in Collins' answer.

Collins now argues that the lower court was in error in refusing to allow him to introduce evidence to make out the defense of estoppel. The rule followed in South Carolina is that equitable estoppel or estoppel *in pais* need not be specifically pleaded, in the absence of a statute to the contrary. *Spencer v. Republic National Life Ins.,* 243 S. C. 317, 133 S. E. (2d) 826, 829 (1963); *Lee v.*

*Southern Ry. Co.,* 228 S. C. 240, 89 S. E. (2d) 431, 432 (1955). *Crescent Co. of Spartanburg, Inc. v. Ins. Co. of North America,* 266 S. C. 598, 603, 225 S. E. (2d) 656 (1976).

We are of the opinion that the evidence proffered by Collins would not have altered the ultimate disposition reached by the court.

Although estoppel need not always be pleaded, the proffered testimony was irrelevant. The talk (and alleged understanding) which preceded the execution of the agreement merged into the written instrument. Having executed the guaranty agreement, Collins became bound to the Bank until the loan was paid in full. The terms of the agreement are clear. The guaranty agreement, in pertinent part, states:

"(This is a continuing guaranty and shall apply to all indebtedness and liabilities of said Principal Debtor to said Bank, heretofore or hereafter incurred or created and shall remain in full force and effect . . . until written notice to the contrary from the undersigned, . . . has been actually delivered to and filed with said Bank, *but said notice shall not in any way affect the obligation of the undersigned hereunder in respect of all indebtedness and liabilities existing at the time said notice is received by the Bank.*) . . .

"*By this guaranty the undersigned assume the same liability as if they were primarily liable and responsible for the obligation as maker.*" (Emphasis added.)

Since no additional funds were loaned to Cannon after Collins became the guarantor, his underlying obligation was in no way increased. Having signed the guaranty agreement, Collins became irretrievably bound on the outstanding indebtedness. We therefore conclude that the exclusion of the evidence on estoppel, even if error, was harmless.

After a full consideration of Collins' remaining exceptions, we are of the opinion that no error of law appears and that the issues are governed by well-settled principles of law.

Accordingly, they are dismissed pursuant to Rule 23 of the Rules of Practice of this Court.

Affirmed.