**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**Scott M. WALDRON et al., Defendants.**

**Civ. A. No. 75–107.**

United States District Court,
D. South Carolina,
Columbia Division.

May 8, 1979.

Hamilton Osborne, Jr., Boyd, Knowlton, Tate & Finlay, Columbia, S. C., for plaintiff.

Joe E. Berry, Jr., Jonathan P. Pearson, Columbia, S. C., for Funderburk, Benson & Casey.

## ORDER FOR SUMMARY JUDGMENT

CHAPMAN, District Judge.

This matter is before the court upon the motion of the plaintiff for an order of summary judgment. The motion is based upon the affidavit of Donald J. Lubitz, Liquidator for Federal Deposit Insurance Corporation. The defendants have opposed the motion and have submitted an affidavit of Lawrence W. Johnson, a former officer of American Bank & Trust, in support of their position.

This action was commenced to enforce a written guaranty agreement executed by the defendants to American Bank & Trust and now held by the plaintiff. By the terms of the guaranty agreement, the defendants guaranteed payment of all indebtedness of Terracorp, Inc. up to a total amount of $135,000.00. Copies of the guaranty agreement are attached to the complaint and to the affidavit of Donald J. Lubitz. The authenticity of the copies is not disputed.

All the defendants have appeared in the action by the filing of a joint answer. In their answer the defendants have admitted execution of the guaranty agreement but have asserted that the indebtedness secured by the guaranty agreement was paid in full and that the defendants thus owe the plaintiff nothing. The defendants have raised no other defense.

The defendant Scott M. Waldron has declared bankruptcy and has been discharged from all indebtedness to the plaintiff in action number BK–S–76–3829 P in the

United States District Court for the Eastern District of California.

The affidavit of Donald J. Lubitz establishes that the original of the guaranty agreement was in the collateral file of American Bank & Trust when the bank was closed in September of 1974. The guaranty agreement was acquired by Federal Deposit Insurance Corporation from the receiver of American Bank & Trust and is now owned and held by Federal Deposit Insurance Corporation. As further established by the affidavit of Donald J. Lubitz, the records of American Bank & Trust contain no indication that the guaranty agreement was or should have been terminated or cancelled or that the guaranty agreement is subject to any terms, conditions or limitations except as expressly set forth in the guaranty agreement.

The affidavit of Donald J. Lubitz also establishes that Federal Deposit Insurance Corporation now owns and holds several promissory notes executed by Terracorp, Inc. to American Bank & Trust and that the total of the amounts due on said notes exceeds $1,000,000.00.

The defense raised by the defendants is without merit as a matter of law. By its own terms, the guaranty agreement is a continuing guaranty agreement of all indebtedness incurred by Terracorp, Inc. to American Bank & Trust. With respect to termination, the guaranty agreement expressly provides as follows:

This guaranty shall be binding upon the undersigned, his personal representatives, successors and assigns unless and until (and then only with respect to future transactions or commitments) terminated by notice to that effect received by the Bank, by registered mail, addressed to the Bank at the office of the Bank extending credit under this guaranty agreement.

The defendants have not alleged that they, or any of them, gave written notice of termination of the guaranty agreement in the manner provided in the agreement. They obviously cannot establish that the original of the agreement was surrendered since the original was acquired by Federal Deposit Insurance Corporation from the files of American Bank & Trust.

Under South Carolina law, which controls in this case, the maker of a written guaranty agreement cannot impeach the express terms of the agreement to establish that the agreement has been terminated. *Bankers Trust of South Carolina v. Collins*, 270 S.C. 26, 239 S.E.2d 889 (1977). In *Bankers Trust v. Collins*, the South Carolina Supreme Court unanimously held in a *per curiam* decision that the maker of a written guaranty agreement was not entitled to offer parol evidence of an understanding that the guaranty agreement was to terminate at the end of six months where the guaranty agreement contained a provision with respect to termination very similar to the provision quoted above.

In an effort to avoid the implications of *Bankers Trust v. Collins*, the defendants have argued that the debt which they guaranteed was discharged by an agreement made subsequent to their execution of the guaranty agreement. This argument fails because it assumes that the guaranty agreement applies to only one debt, but this assumption is invalid because the guaranty agreement is by its own terms a continuing guaranty of all debts of Terracorp, Inc. The defendants are precluded by the holding in *Bankers Trust v. Collins* from impeaching the terms of the written agreement.

The argument of the defendants also fails for a second reason. The defendants have not offered any evidence that any consideration was given to support the alleged agreement by which the guaranty was supposedly terminated. While it is true that a written contract may be changed by a subsequent oral agreement, the subsequent agreement must be supported by adequate consideration in order to be enforceable. *Evatt v. Campbell*, 234 S.C. 1, 106 S.E.2d 447 (1959); *American Oil Co. v. Cox*, 182 S.C. 419, 189 S.E. 660 (1937).

In this case the affidavit of Lawrence W. Johnson relied upon by the defendants establishes that there was no consideration for the alleged agreement to terminate the guaranty agreement. The affidavit states that the "loan was paid in full in January, 1973 and a new note was made in the name of Terracorp, Inc. and guaranteed by Scott M. Waldron only . . ." It is clear from this statement that a note executed by Terracorp, Inc. and guaranteed by Scott M. Waldron was substituted in place of an earlier note executed by Terracorp, Inc. and guaranteed by all defendants, including Scott M. Waldron. Since Terracorp, Inc. and Scott M. Waldron were already fully liable for the debt, their execution and guaranty of a new note for the same debt did not constitute consideration for an agreement to release the other guarantors from their personal liabilities. *Marion Production Credit Association v. Smith*, 221 S.C. 172, 69 S.E.2d 705 (1952); *Rabon v. State Finance Corporation*, 203 S.C. 183, 26 S.E.2d 501 (1943).

The defendants have repeatedly asserted that the indebtedness which they guaranteed was "paid". However, as noted above, it is clear from the affidavit of Lawrence W. Johnson submitted by the defendants that the debt to which the affidavit refers was not paid but was merely renewed. Payment is an affirmative defense, and the defendants bear the burden of proving payment of the indebtedness which they guaranteed. *Robert L. Huffines, Jr., Foundation, Inc. v. Rockie Realty, Inc.*, 347 F.Supp. 1256 (D.S.C.1972); *Neal v. Clark*, 196 S.C. 139, 12 S.E.2d 921 (1941). The defendants have produced no receipt, cancelled check, satisfied note or other evidence that they actually paid any debt of Terracorp, Inc. The defendants have thus failed to carry their burden of proof as to payment.

The defense which the defendants have attempted to raise is also barred by federal law. The act creating Federal Deposit Insurance Corporation (referred to in the act as the "Corporation") provides as follows:

No agreement which tends to diminish or defeat the right, title or interest of the Corporation in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the Corporation unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank. 12 U.S.C. § 1823(e).

The affidavit of Donald J. Lubitz submitted in support of the motion for summary judgment clearly establishes that the conditions set forth in the statute quoted above cannot be met by the defendants in this case.

The defense raised by the defendants is barred by 12 U.S.C. § 1823(e) because an essential element of the defense is the assertion that the guaranty agreement was intended to apply only to a single debt. This assertion conflicts with the express terms of the guaranty agreement, and there is no other agreement modifying or limiting the guaranty agreement which meets the requirements of 12 U.S.C. § 1823(e). The argument that the guaranty agreement applied to only a single debt is essential to the defense raised by the defendants because, as disclosed by the affidavit of Lawrence W. Johnson submitted by the defendants, the liability of Terracorp, Inc. to American Bank & Trust was never discharged, not even momentarily. A new note was merely executed in substitution for the prior note which the defendants contend they guaranteed. The defense raised by the defendants thus depends upon their ability to limit the guaranty agreement to the original note. Since 12 U.S.C. § 1823(e) precludes the guaranty agreement

from being so limited, the defense must fail.

The defendants have argued that 12 U.S.C. § 1823(e) does not apply in this case because the guaranty agreement was not an "asset" acquired by the plaintiff. This argument is circular because it rests upon the premise that the guaranty agreement was no longer in effect when American Bank & Trust was closed. In order to es-tablish this premise, the defendants must rely on the defense which is barred by the statute—*i.e.,* that there was an agreement by which the guaranty agreement was terminated. The argument that the guaranty agreement was not an "asset" thus has no validity.

■■■ The defendants have also argued that 12 U.S.C. § 1823(e) does not apply to agreements which are made after the asset affected has been acquired by the bank. The statute contains no such exception, and this court cannot, by judicial fiat, create a class of cases to which the statute does not apply. *FDIC v. Vogel,* 437 F.Supp. 660 (E.D.Wis.1977). The statute expressly requires as a condition of validity that an agreement be executed contemporaneously with the acquisition of the asset by the bank. Failure to meet this requirement does not make the statute inapplicable; it voids the agreement. In any event, the argument of the defendants is moot because the agreement which is voided by 12 U.S.C. § 1823(e) in this case is the alleged understanding that the guaranty agreement applied only to a single note. That understanding arose, if at all, at the time the original note and the guaranty agreement were executed.

The defense raised by the defendants is clearly among the class of defenses which Congress intended to bar by the enactment of 12 U.S.C. § 1823(e). The obvious purpose of the statute was to prevent the deception of bank examiners by false and fraudulent assets. The applicability of the statute to this case is dramatically illustrated by the following testimony which appears on page 48 of the transcript of the deposition of Lawrence W. Johnson taken on May 7, 1975:

Q Mr. Johnson, in your experience in banking if an examiner from the FDIC was going through the collateral file of American Bank & Trust and saw this Guaranty Agreement, the original of it sitting there in the file, would he have any reason to believe that it wasn't in existence and wasn't a valid agreement?

A None.

Q And upon seeing, wouldn't he be in a position to assume that there was a guaranty to the extent of $135,000.00 of loans in the name of "Terracorp, Inc."?

A Yes.

On the basis of the pleadings filed in this action and the affidavits submitted by the plaintiff and the defendants, the court finds as a matter of fact and concludes as a matter of law as follows:

## FINDINGS OF FACT

1. The summons and the complaint in this action were duly served in South Carolina upon all defendants. All the defendants have appeared and have answered the complaint, and none of them have raised any objection to the jurisdiction of this court.

2. Federal Deposit Insurance Corporation has purchased and now owns and holds certain assets formerly owned by American Bank & Trust of Orangeburg, South Carolina. Among said assets now owned and held by Federal Deposit Insurance Corporation are five promissory notes executed by Terracorp, Inc. to American Bank & Trust. Said promissory notes have been designated by Federal Deposit Insurance Corporation as Assets Nos. L–2266, L–2267, L–2268, L–2269 and M–375, respectively.

3. The amounts due and owing on each of said promissory notes, including interest accrued through February 28, 1979, are as follows:

| Asset No. | Principal Balance | Accrued Interest | Totals |
|---|---|---|---|
| L–2266 | $350,000.00 | $172,746.58 | $522,746.58 |
| L–2267 | 140,000.00 | 77,049.86 | 217,049.86 |
| L–2268 | 40,000.00 | 14,676.16 | 54,676.16 |
| L–2269 | 170,000.00 | 93,560.55 | 263,560.55 |
| M–375 | 150,000.00 | 79,742.46 | 229,742.46 |
| Totals | $850,000.00 | $437,775.61 | $1,287,775.61 |

4. Among the assets of American Bank & Trust acquired and now owned and held by Federal Deposit Insurance Corporation is a guaranty agreement dated July 10, 1972, executed by Scott M. Waldron, Herbert L. Benson, Jr., Wylie H. Fagan, Truitt H. Casey and L. G. Funderburk whereby said individuals guaranteed payment of all indebtedness of Terracorp, Inc. to American Bank & Trust up to a total amount of $135,000.00.

5. The original of the guaranty agreement was in the collateral file of American Bank & Trust when said bank was closed in September of 1974. The records of American Bank & Trust contained no indication that the guaranty agreement was or should have been terminated or cancelled or that the guaranty agreement is subject to any terms, conditions or limitations except as expressly set forth in the guaranty agreement.

6. The defendants have alleged that the debt covered by the guaranty agreement has been paid. However, the defendants have failed to offer any evidence of payment. The affidavit upon which the defendants rely as proof of payment discloses that the debt was not paid but was merely renewed by the execution of a new note.

7. The defendant Scott M. Waldron has been granted a discharge in bankruptcy from any indebtedness to the plaintiff.

## CONCLUSIONS OF LAW

8. The defendants Herbert L. Benson, Jr., Truitt H. Casey, Vermelle Roland Fagan, Executrix of the estate of Wylie H. Fagan, deceased, and L. G. Funderburk are liable to the plaintiff upon the indebtedness of Terracorp, Inc. in the amount of $135,000.00.

9. The defendants bear the burden of proof with respect to their affirmative defense of payment but have failed to offer any evidence in support of this defense or any explanation for their failure to offer such evidence as required by Rule 56(e) of the Federal Rules of Civil Procedure. The plaintiff is accordingly entitled to summary judgment.

NOW, THEREFORE, upon motion of the plaintiff, it is ORDERED, ADJUDGED and DECREED that the plaintiff Federal Deposit Insurance Corporation shall have judgment against the defendants Herbert L. Benson, Jr., Truitt H. Casey, Vermelle Roland Fagan, Executrix of the Estate of Wylie H. Fagan, deceased, and L. G. Funderburk for the sum of $135,000.00 plus all taxable costs of this action. The judgment shall bear interest at the legal rate from the date of entry.

AND IT IS SO ORDERED.