**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Donald Eaton, Kristy Drees, and Logan Drees, Plaintiffs,

v.

DBC Anderson Cove LP, Respondent,

Of Whom Donald Eaton is the Appellant.

Appellate Case No. 2023-000133

---

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-086
Submitted January 2, 2026 – Filed February 25, 2026

---

**AFFIRMED**

---

Donald Eaton, of Anderson, pro se.

John Hampton Scully, of Greenville, for Respondent.

---

**PER CURIAM:** Donald Eaton appeals the circuit court's order affirming the magistrate court's order granting summary judgment and judgment on the pleadings in favor of DBC Anderson Cove LP (Anderson Cove). On appeal, Eaton argues the circuit court erred in granting summary judgment because evidence sufficient to meet the "scintilla" standard existed and finding there was no

consideration to constitute a valid contract.  We affirm pursuant to Rule 220(b), SCACR.

First, viewing the evidence in the light most favorable to Eaton, we hold the circuit court did not err in affirming the magistrate's grant of summary judgment in favor of Anderson Cove because Eaton did not raise a genuine issue of material fact as to whether ejectment was proper.[1]  *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) (providing an appellate court reviews the grant of a motion for summary judgment under "the same standard that governs the [circuit] court under Rule 56(c) [of the South Carolina Rules of Civil Procedure]"); Rule 56(c), SCRCP (stating that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *Town of Hollywood v. Floyd*, 403 S.C. 466, 477, 744 S.E.2d 161, 166 (2013) ("[I]t is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine."); *Brooks v. Northwood Little League, Inc.*, 327 S.C. 400, 403, 489 S.E.2d 647, 648 (Ct. App. 1997) ("[W]hen the evidence is susceptible of only one reasonable interpretation, summary judgment may be granted."); *Murphy v. Tyndall*, 384 S.C. 50, 54, 681 S.E.2d 28, 30 (Ct. App. 2009) ("Because it is a drastic remedy, summary judgment should be cautiously invoked so no person will be improperly deprived of a trial of the disputed factual issues." (quoting *Carolina All. for Fair Emp. v. S.C. Dep't of Lab., Licensing, & Regul.*, 337 S.C. 476, 485,

---

[1] We note the circuit court applied the mere scintilla of evidence standard under *Hancock v. Mid-South Management Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009), *overruled by Kitchen Planners, LLC v. Friedman*, 440 S.C. 456, 892 S.E.2d 297 (2023); however, our supreme court overruled this standard in *Kitchen Planners, LLC*, several months after the circuit court decided this case.  We decide this case by applying the genuine issue of material fact standard as set forth under *Kitchen Planners, LLC*.  *See Kitchen Planners, LLC*, 440 S.C. at 463, 892 S.E.2d at 301 ("[T]he proper standard [under Rule 56(c), SCRCP, is the 'genuine issue of material fact' standard set forth in the text of the Rule."); *see generally Gray v. Club Grp., Ltd.*, 339 S.C. 173, 183-84, 528 S.E.2d 435, 440-41 (Ct. App. 2000) (finding a circuit court's application of the wrong standard of review was harmless when the application of the correct standard of review produced the same result).

523 S.E.2d 795, 799 (Ct. App. 1999))); *Tupper v. Dorchester County*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997) ("Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law."); S.C. Code Ann. § 27-40-770(b) (2007) ("The landlord or the tenant may terminate a month-to-month tenancy by a written notice given to the other at least thirty days before the termination date specified in the notice."); S.C. Code Ann. § 27-40-770(c) (2007) ("If the tenant remains in possession without the landlord's consent after expiration of the term of the rental agreement or its termination, the landlord may bring an action for possession."); *Koon v. Fares*, 379 S.C. 150, 153, 156, 666 S.E.2d 230, 232, 234 (2008) (finding eviction was justified when the landlord repeatedly notified the tenants of their intent to end the month-to-month tenancy, sent written notice of the tenant's requirement to vacate, and accommodated their requested move-out date until they indicated they would not leave as agreed).

Second, regarding Eaton's argument that the magistrate failed to consider an audio recording during the ejectment proceeding, we hold this claim lacks merit because Eaton never provided the recording to the magistrate or the circuit court and did not include it in the record on appeal. *See Sweatt v. Norman*, 283 S.C. 443, 448, 322 S.E.2d 478, 481 (Ct. App. 1984) ("[The appellant] has the burden of furnishing a sufficient record from which this court can make an intelligent review.").

Third, as to Eaton's argument that the magistrate improperly granted summary judgment by solely relying upon Anderson Cove's affidavit and ignoring Eaton's statements at the ejectment hearing, we hold this argument is not preserved for appellate review because Eaton did not raise this issue to the circuit court. *See Staubes v. City of Folly Beach*, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.").

Fourth, we hold that Eaton's non-profit application did not constitute valid consideration because he was already obligated to pay rent under his month-to-month lease beginning in 2022; therefore, the magistrate did not err in finding no genuine issue of material fact existed as to a superseding oral contract. *See Armstrong v. Collins*, 366 S.C. 204, 223, 621 S.E.2d 368, 377 (Ct. App. 2005) ("Valuable consideration may consist of 'some right, interest, profit or benefit accruing to one party or some forbearance, detriment, loss or responsibility given, suffered or undertaken by the other.'" (quoting *Prestwick Golf Club, Inc. v. Prestwick Ltd. P'ship,* 331 S.C. 385, 389, 503 S.E.2d 184, 186 (Ct. App. 1998)));

*id.* ("A benefit to the promisor or a detriment to the promisee may provide sufficient consideration for a contract."); *Marion Prod. Credit Ass'n v. Smith*, 221 S.C. 172, 174, 69 S.E.2d 705, 706 (1952) ("[A]n agreement to do that which one is already legally bound to do is not sufficient to support a new contract.").

**AFFIRMED.**[2]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.